```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

                                )
UNITED STATES OF AMERICA        )
                                )
                                )
        v.                      )    1:06cr143 (JCC)
                                )
CHRISTINA M. GRAHAM,            )
                                )
     Appellant.                 )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Appellant's appeal of her conviction by Magistrate Judge T. Rawles Jones Jr. on April 4, 2006. For the reasons stated below, the Court will uphold the conviction.

### I. Background

The Appellant, Christina M. Graham, was stopped on the George Washington Memorial Parkway on October 16, 2004 by Officer Kermit Minnick, who suspected her of driving while intoxicated. The Appellant was tried by Magistrate Judge Barry R. Poretz on May 5, 2005. At the trial, the Government presented evidence involving the wrong date for when the offenses occurred. Upon this realization, which occurred after the close of the Government's case, the Appellant moved for an acquittal and the Government moved to reopen its case. The Court granted the Government's motion over the Appellant's objection. Appellant was eventually convicted of driving under the influence of

alcohol ("DUI") pursuant to 36 C.F.R. § 4.23(a)(1) and driving after not having obtained a driver's license after moving to Virginia, but acquitted of driving while intoxicated ("DWI") pursuant to 36 C.F.R. § 4.23(a)(2) and speeding.  Graham appealed this conviction to Judge Leonie M. Brinkema.  Judge Brinkema remanded the case for a new trial.  Before Magistrate Judge Jones, Appellant moved to dismiss the case on the grounds that the prosecution violated her Fifth Amendment right against Double Jeopardy.  This motion was denied, and Appellant was later convicted of DUI and driving after not having obtained a driver's license after moving to Virginia.  Graham filed a notice of appeal of the DUI conviction by Magistrate Judge Jones on April 4, 2006.  This appeal is currently before the Court.

## II. Analysis

A district court applies the same standard in reviewing a decision of a magistrate judge just as a court of appeals does in reviewing a decision of a district court. *Florists' Mut. Ins. Co. v. Tatterson*, 802 F. Supp. 1426, 1431 (E.D. Va. 1992). Accordingly, "findings of fact are reviewed under a clearly erroneous standard and matters of law are reviewed de novo." *Id.*

Graham raises two arguments in her appeal: 1) the remand and prosecution of the charges was improper, and 2) the second conviction constituted double jeopardy and was in violation of the Fifth Amendment.  In her first argument,

Appellant claims that the second trial before Magistrate Judge Jones should never have occurred.  Appellant claims that Judge Brinkema should have dismissed the charges rather than remand the case for a second trial.  Appellant cites a string of cases that address the standard for reopening cases.  Appellant fails to realize, however, that this Court is not the appropriate forum for hearing such a claim.  Appellant's argument is directed towards Judge Brinkema's August 26, 2005 decision to remand, as evidenced by the substance of Appellant's argument and her contention that "the proper remedy was reversal and dismissal" rather than a remand.  The appropriate course for reviewing Judge Brinkema's decision is to appeal it to the Court of Appeals for the Fourth Circuit, not to allow the trial to go forward and appeal it after the fact to a different district judge.

     Appellant's second argument is that her Fifth Amendment rights were violated because the prior acquittal for DWI prohibits a subsequent prosecution of DUI since the two offenses are a unitary offense.  The Appellant cites *Terry v. Potter*, 111 F.3d 454 (6th Cir. 1997), to support her claim that an acquittal on one branch of a unitary offense is conclusive as to all variants of the same unitary offense.  Not only is *Terry* non-binding precedent, but it is distinguishable on the facts since the defendant in *Terry* was retried on a charge that he had not been convicted of previously.  In the instant case, by contrast,

Graham was retried on a charge on which she had been previously convicted.

A well-reasoned and thorough evaluation of the law that is more pertinent to the case at hand is found in *United States v. Hornada*, Case No. 97-401 (E.D. Va. Oct. 24, 1997) (Bryan, J.), *aff'g* TVN No. P2125951-P2125954 (E.D. Va. Sep. 26, 1997) (Poretz, J.), which is cited by both parties.  After evaluating the caselaw concerning the statutory construction of 36 C.F.R. § 4.23(a)(1)-(2), Magistrate Judge Poretz concluded in *Hornada* that a defendant cannot be convicted under both sections for one course of driving behavior, but can be prosecuted for violating both offenses.  Furthermore, "an acquittal of either 36 C.F.R. § 4.23(a)(1) or 36 C.F.R. § 4.23(a)(2) will not bar a conviction of the other in accord with double jeopardy principles or any *Blockburger v. United* States[, 284 U.S. 299 (1932)] analysis." *Id.* at 4.  The Court agrees.  Just as the Appellant claims, the Double Jeopardy Clause forbids multiple prosecutions for the same offense, yet the federal regulation contains two specific and distinct subsections outlining different offenses that are written in the disjunctive.  Thus, the Court will find that the Appellant's Fifth Amendment rights have not been violated.

Furthermore, the Court cannot find support in the record for Appellant's contention that "Judge Poretz dismissed the driving while intoxicated charges, in-part, because he did

not completely trust the reliability of the intoxilyzer results," upon which Appellant heavily relies for the success of her claim. (Appellant's Brief 6.)  Regardless of how Magistrate Judge Poretz viewed the intoxilyzer results, he was clear in noting that "I make no finding on DWI because it's just a different way of proving the same."  (Gov't's Brief, Ex. C 61:3-4.)  This statement further undermines the claim of Appellant, and as a result the Court will affirm the conviction.

### III. Conclusion

For the above stated reasons, the Court will uphold the conviction.

June _19, 2006                        _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE